United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Nitza Wright, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-21090-Civ-Scola |
| Charlotte Burrows, Chair of the Equal Employment Opportunity Commission, in her official capacity, Defendant. | ) |

## Order

This matter is before the Court upon the Defendant's motion to dismiss the amended complaint (ECF No. 31), which has been fully briefed and is ripe for review. (*See* ECF Nos. 31, 36, 37.) The Defendant argues, among others, that the amended complaint is a shotgun pleading. Construing this argument as one under Fed. R. Civ. P. 12(e) for a more definite statement, the Court agrees and therefore **grants** the Defendant's motion. (**ECF No. 31**)

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a).

A shotgun pleading is one from which "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). A clear indicator of that is the amended complaint's first "count," which says: "Any or all of the forgoing paragraphs, 1-134, relevant to Count I are incorporated here by reference." (Am. Compl. ¶ 134, ECF No. 29.)

Evidenced by the above, Plaintiff's counsel has sloppily thrown together a 26-page "complaint" that is patently difficult to understand. It does not follow a steady train of thought. Rather, the pleading reads as a sporadically arranged, prolonged recantation of multiple story lines that bear a questionable relevance to one another. Marked by repeat and unexpected introductions to a complex cast of characters, all of this goes narrated in the code of multiple acronyms that blend with typographical errors to make understanding the relevant facts of this case an unwelcome challenge. But that is not all. To add to the reader's

confusion, the pleading also seems to include at least one mistaken reference to an unrelated case.[1]

"It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations." *Id.* That is why, upon receiving such a pleading, the Court is to "strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Id.*

And the Court notes that Plaintiff's counsel all but concedes the shotgun nature of this pleading by responding to the motion to dismiss with a request for leave to file a second amended complaint. (*See* ECF No. 36 at 8.)

Against this backdrop, the Court has no difficulty in granting the Defendant's motion. The amended complaint (**ECF No. 29**) is hereby **dismissed without prejudice**. Plaintiff's counsel may file a second amended complaint no later than **December 13, 2022** but is forewarned that the Court may dismiss that complaint with prejudice should it again present as a shotgun pleading.

The Court sua sponte grants the Defendant until **December 30, 2022** to respond to the second amended complaint.

**Done and ordered** in Miami, Florida, on November 15, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] See Am. Compl. 25 requesting that the Court enjoin the Defendant from "subjecting male employees to unwelcome, sexually graphic and vulgar sexual harassment and retaliation for opposing such harassment." The Plaintiff, Ms. Nitza Wright's allegations, do not turn on male harassment.