United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Nitza Wright, Plaintiff,<br><br>v.<br><br>Charlotte Burrows, Chair of the Equal Employment Opportunity Commission, in her official capacity, Defendant. | )<br>)<br>)<br>)  Civil Action No. 22-21090-Civ-Scola<br>)<br>)<br>)<br>)<br>) |

### Order

This matter is before the Court on the Defendant Charlotte Burrows, Chair, Equal Employment Opportunity Commission's (the "Defendant") motion to dismiss the Plaintiff Nitza Wright's ("Wright") second amended complaint. (ECF No. 43.) Wright filed a response to the Defendant's motion (Resp., ECF No. 46), and the Defendant replied (Reply, ECF No. 47). For the reasons set forth below, the Court **grants** the Defendant's motion to dismiss. (**ECF No. 43**.)

1. **Background**

This action arises from Wright's alleged discrimination by her former employer, the U.S. Equal Employment Opportunity Commission ("EEOC"). As best the Court can tell from Wright's second amended complaint, she claims to have been retaliated against by her supervisors at the EEOC for her prior involvement in exposing sexual misconduct by a co-worker. (Second Am. Compl. ¶ 2, ECF No. 40.) Wright alleges that, because of this protected activity, she was issued a Notice of Proposed Removal, which recommended, and ultimately resulted in, her removal from her position as an Enforcement Manager in the Miami District Office of the EEOC. (*Id.* ¶ 3.)

However, the foregoing is about all the Court can glean with clarity from Wright's pleading, even though the second amended complaint is Wright's third attempt to state a claim against the Defendant. Wright amended her original complaint as a matter of course in response to the Defendant's first motion to dismiss. The Defendant then filed a second motion to dismiss, repeating the argument that Wright's complaint presented an impermissible shotgun pleading. Just two days after the Defendant's motion became ripe, the Court entered an order dismissing Wright's amended complaint without prejudice, granting her leave to file a second amended complaint, and "forewarn[ing]" her

that it could dismiss a new complaint "with prejudice should it again present as a shotgun pleading." (ECF No. 38.)

Now, the Defendant moves to dismiss Wright's second amended complaint by arguing once again that it constitutes an impermissible shotgun pleading.

## 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 10(b), in turn, provides that a party must state its claims in numbered paragraphs each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). "Rules 8 and 10 work together 'to require the pleader to present his claims discretely and succinctly, so that [1] his adversary can discern what he is claiming and frame a responsive pleading, [and 2] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted.'" *Embree v. Wyndham Worldwide Corp.*, No. 6:16-cv-928-Orl-40GJK, 2018 U.S. Dist. LEXIS 140968, at *4 (M.D. Fla. Aug. 16, 2018) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996)).

In addition, a court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Analysis

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008)

(citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). The Eleventh Circuit has repeatedly and unequivocally condemned such pleadings as a waste of judicial resources. *See, e.g., Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."). While there are various types of shotgun pleadings, among the most common is that which "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-22 (11th Cir. 2015). Having said that, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Despite being her third opportunity to state a claim against the Defendant, Wright's second amended complaint presents once again as an impermissible shotgun pleading.

To begin, the second amended complaint fails to address the various issues identified in the Court's previous order granting the Defendant's motion to dismiss. (*See* ECF No. 38.)  There, the Court called out Wright's amended complaint as being "patently difficult to understand[,]" failing to "follow a steady train of thought[,]" and "read[ing] as a sporadically arranged, prolonged recantation of multiple story lines that bear a questionable relevance to one another." (*Id.* at 1.) Wright's second amended complaint retains these issues, merely presenting what appears to be the same confused narrative in a slightly reworded and reorganized form. *See, e.g., Cramer v. Florida*, 117 F.3d 1258, 1261 (11th Cir. 1997) (identifying "complaint [a]s a rambling 'shotgun' pleading" where it was "so disorganized and ambiguous that it [wa]s almost impossible to discern precisely what it [wa]s that the[] appellants [we]re claiming"). Indeed, a side-by-side comparison of Wright's amended and second amended complaints reveals that she reincorporated many, if not most, of the allegations in her prior complaint into the new one with only minor modifications.

In addition, where Wright's amended complaint committed the "mortal sin of re-alleging all preceding counts," her second amended complaint commits the equally problematic error of failing to incorporate what would seem to be critical allegations into each of her two counts. *See Weiland*, 792 F.3d at 322. Wright does not incorporate *any* factual allegations at all into Count Two (Deprivation of Due Process). Moreover, she omits a large portion of

her allegations from Count One (Retaliation), only incorporating paragraphs 76 through 101. (Second Am. Compl. ¶ 103, ECF No. 40.) Such omissions are critical because the Defendant is left without adequate notice as to the factual bases of the claims against it. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"); *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 663 (11th Cir. 2019) ("Most of the other counts similarly failed to restate any pertinent facts relating to the individual counts or otherwise incorporate any of the preceding general allegations, and failed to make clear which allegations pertain to which defendant."); *Allen v. Lyons & Farrar*, No. 4:19cv578-MW/MJF, 2020 U.S. Dist. LEXIS 259167, at *8 (N.D. Fla. July 22, 2020) ("By failing to integrate any factual allegations into Counts I through V, Plaintiff forces Defendants to search through the Second Amended Complaint and attempt, based on their own reasoning rather than Plaintiff's plain statements of his claims, to ascertain which acts or omissions pertain to them."). For example, to establish a *prima facie* case for retaliation, a plaintiff "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362, 133 S. Ct. 2517, 2534 (2013). In Count I, Wright points to paragraphs 76 through 101 as containing the required allegations of protected activity, but a review of those paragraphs fails to reveal a clear account of such activity. Instead, one must look to the other, non-incorporated paragraphs to begin to get a semi-lucid idea of what may have occurred.

  Wright's response to the Defendant's motion to dismiss fails to specifically address any of the pleading deficiencies pointed out by the Defendant. Instead, it argues that the second amended complaint is not difficult to understand because the Defendant and (presumably also) the Court have the benefit of the exhibits attached thereto. (Resp. 4–5, ECF No. 46.) Specifically, Wright claims that "the [second amended complaint] and 4 exhibits, especially the underlying FAD (DE 40-4) separately describe the exact details that form the basis for [her] claims with sufficient clarity." (*Id.*) Putting aside the fact that those exhibits contain approximately 70 pages of additional, dense material, Wright cites no support for the proposition that a plaintiff can rely on the attachments to her complaint to excuse the deficiencies in her pleading. Nor can she. "Especially where a party is represented by counsel, it is not the Court's duty to expend precious time and resources in attempting to decipher a pleading that can be clarified by more conscientious drafting." *Merch. One, Inc. v. TLO, Inc.*, No. 19-cv-23719, 2020 U.S. Dist. LEXIS 7462, at *10 (S.D. Fla. Jan. 16, 2020) (Bloom, J.).

Because the Court concludes that Wright's second amended complaint is a shotgun pleading, it need not address the Defendant's additional arguments for dismissal. Moreover, because the Court previously granted Wright an opportunity to amend, and specifically warned her of the possibility that the new complaint could be dismissed with prejudice should it again present as a shotgun pleading (*see* ECF No. 38.), Wright's second amended complaint is dismissed with prejudice. *See, e.g., Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) ("Our precedent is clear: 'When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.'"); *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 664 (11th Cir. 2019) ("In light of [the plaintiff's] counseled status and her failure to cure the prior complaints' deficiencies after two opportunities to amend her complaint, the district court did not abuse its discretion in dismissing with prejudice her second amended complaint as a shotgun pleading.").

Finally, because the Court finds that a hearing is unnecessary, Wright's request for a hearing to clarify any confused history of her case is denied. *See* S.D. Fla. L.R. 7.1(b)(2) ("The Court in its discretion may grant or deny a hearing as requested, upon consideration of both the request and any response thereto by an opposing party.").

### 4. Conclusion

For the foregoing reasons, the Court **grants** the Defendant's motion to dismiss the second amended complaint as a shotgun pleading, thus dismissing Wright's case **with prejudice**. (**ECF No. 43**.) The Clerk is directed to **close** this case.

**Done and ordered** in Miami, Florida, on April 17, 2023.

Robert N. Scola, Jr.
United States District Judge